# EXHIBIT "C"

FILED
DALLAS COUNTY
10/28/2016 1:36:23 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

Case 3:16-cv-03294-B   Document 1-3   Filed 11/28/16   Page 2 of 7   PageID 14

CAUSE NO DC-16-14039 _____

| | | |
|---|---|---|
| Palisades Collections, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| William E. Walton, | § | |
| and | § | |
| Bush & Ramirez PLLC | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF COURT:

COMES NOW Palisades Collections, LLC (Palisades or Plaintiff) and in support of the claims and causes of actions asserted herein, would show the following:

## I.
## DISCOVERY PLAN, JURISDICTION, VENUE AND AMOUNT IN CONTROVERSY

1.      Plaintiff desires to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

2.      Palisades is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business in Travis County Texas.

3.     William E. Walton is an individual and a resident of Dallas County Texas and is an attorney whom Palisades retained to represent its interest in certain litigation described below. During the time he was representing Palisades, he practiced law with defendant Bush & Ramirez PLLC and he was agent and/or vice-principal of that law firm.  He may be served at his place of business, 101 Metro Dr., Terrell, TX 75160

4.     Bush & Ramirez PLLC is a Texas Professional Limited Liability Corporation and at times relevant to the claims asserted herein employed Defendant Walton and is vicariously liable for the acts of Defendant Walton. It may be served by serving its registered agent.

5.     The claims and causes of actions asserted herein arose in whole or in part in this County. Accordingly, this Court has jurisdiction of the claims and parties and venue is proper in this Court.

6.     Pursuant to Rule 47, Plaintiff seeks damages in excess of $1,000,000.

## II.
## FACTUAL BACKGROUND

7.     William Walton was retained to represent Palisades in connection with certain litigation filed against Palisades.  The plaintiff in that litigation sued Palisades seeking a declaratory judgment that it was not liable for certain debts and legal obligations to Palisades. In response to this litigation, Walton filed on behalf

of Palisades as counterclaims certain claims that had become barred by the statute of limitations.

8.      As a basis for the filing and prosecution of otherwise time-barred claims, Walton relied upon on the Texas *revival statute:* a statute that permits a defendant to prosecute a claim otherwise barred by limitations if that claim is a compulsory counterclaim and is filed within 30 days of service of the affirmative claim of the plaintiff.

9.      In this case, the plaintiff sued Palisades for a declaratory judgment and the time-barred claims were compulsory counterclaims, thus permitting Mr. Walton to pursue the claims notwithstanding their age. Walton filed the time-barred claims within the statutory 30 days, but he failed to affirmatively plead the *revival statute* as a defense to limitations.

10.     On cross-motions for summary judgment, the trial court entered judgment for Palisades on its counterclaims for approximately $3.6 million.

11.     The plaintiff appealed and the Dallas Court of Appeals reversed the judgment in favor of Palisades on the grounds that Walton's failure to affirmatively plead the *revival statute* as a defense to limitation deprived Palisades of the benefit of that statute. The judgment in favor of Palisade on claims totaling $2.3 million was reversed and rendered for failure to plead the revival statute.  The judgment for

claims totaling $1.3 million was reversed and remanded, and these claims were later settled for an amount less than the original judgment.

12.     But for Mr. Walton's failure to affirmatively plead the *revival statute*, the judgment in favor of Palisades would not have been reversed and would have been paid by the plaintiff in the litigation.

13.     During the time Walton handled this case, he was with Bush & Ramirez PLLC. Both defendants are jointly and severally liable for the claims of Palisades asserted herein.

14.     **Damages:** After the reversal of the trial judgment, Palisades' claims representing $2.3 million were lost forever. In addition, Palisades claims valued in the original judgment at $1.3 million had to be resolved by a compromise settlement which resulted in a further loss to Palisades.

### III.
### NEGLIGENCE

15.     The above-described acts of Defendants constitute negligence in that they are a breach of the standard of care that attorneys owe to clients under the same or similar circumstances. These acts proximately caused damages to Palisades in an amount in excess of $1 million.

### IV.
### CONCLUSION

16.     All conditions precedent to the granting of the relief herein requested have been satisfied. By the filing of this petition, Palisades makes no election of remedies and no waiver of any remedies, rights, claims or defenses, but expressly reserves all such remedies, rights, claims, and defenses.

17.     In connection with any limitations defense that may be asserted, Palisades hereby pleads the *Hughes* Tolling Rule that tolls limitations until the entry of a final non-appealable judgment and the discovery rule.

18.     Palisades demands trial by jury in this case.

## PRAYER

WHEREFORE PREMISES CONSIDERED Plaintiff prays that Defendants be cited to appear and answer herein as required by law, and that Plaintiff have and recover at trial its lawful damages, all court costs, pre-judgment and post-judgment interests at the maximum rates allowed by law and such other relief legal and equitable, general and special to which Plaintiff may show itself to be justly entitled.

**Johnston Tobey Baruch, P.C.**


By: */s/ Randy Johnston*
Randy Johnston
State Bar No. 10834400
randy@jtlaw.com
Coyt Johnston, Jr.
State Bar No. 24058772
coyt@jtlaw.com
Robert L. Tobey
State Bar No. 20082975
robert@jtlaw.com
Chad Baruch
State Bar No. 01864300
chad@jtlaw.com
3308 Oak Grove Avenue
Dallas, Texas 75204
Telephone: (214) 741-6260
Facsimile: (214) 741-6248

**ATTORNEYS FOR PALISADES COLLECTIONS, LLC**